UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SYNTRAX INNOVATIONS, INC., et al. <br><br> Defendants. | No: 4:03CV00960 HEA <br><br> JURY TRIAL DEMANDED |

## CROSS-CLAIM
## OF DEFENDANT ACCESS COVERAGECORP., INC.

COMES NOW Defendant Access Coveragecorp., Inc. ("Access") and for its claims against Defendant Syntrax Innovations, Inc. ("Syntrax"), states the following:

### I.  JURISDICTION and VENUE

1. Access is a North Carolina corporation with its principle place of business in North Carolina.

2. Syntrax is a Missouri Corporation with its principle place of business in Missouri.

3. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. This Court therefore has jurisdiction of this matter by virtue of 28 U.S.C. § 1332. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## II. GENERAL ALLEGATIONS

1. On or about July 22, 2003, Assurance Company of America and Maryland Casualty Company (the "Plaintiffs") filed their Complaint for Declaratory Judgment, Rescission and Damages and Access and Syntrax.

2. In that Complaint, the Plaintiffs generally allege that Access and Syntrax misled them with respect to information relating to an application for business insurance submitted by Access on behalf of Syntrax and as a result of which Plaintiffs issued certain insurance policies on behalf of Syntrax.

3. Specifically, Plaintiffs allege that Access and Syntrax assisted Plaintiffs as to the nature of Syntrax's business which resulted in harm to Plaintiffs.

4. Plaintiffs' Complaint alleges nine counts against the Defendants and specifically names Access in Counts VIII and IX for Breach of Producer Agreement and Negligent Misrepresentation, respectively.

5. Access has fully denied and continues to deny the allegations brought by Plaintiffs and has asserted certain affirmative defenses, all as more particularly set forth in Access' First Amended Answer.

### COUNT I – Negligent Misrepresentation Contribution

6. Syntrax is in the business of designing, manufacturing and selling over-the-counter body-building and weight-loss dietary supplements.

7. At no time did Syntrax disclose to Access that Syntrax was in the business of designing and/or manufacturing weight-loss and body-building supplements.

8. Syntrax was negligent in that the business description submitted by Syntrax to Access was false or misleading in that a significant aspect of Syntrax's business is the design and/or manufacture of weight-loss and body-building supplements.

9. The false or misleading business description provided by Syntrax to Access was material in that Access placed Syntrax in a business classification, "Health Foods", based on the description provided by Syntrax.

10. Access relied on the false or misleading business description provided to it by Syntrax in categorizing Syntrax and submitting an application for business insurance on its behalf.

11. Syntrax was negligent in that it provided Access with the false or misleading business description with the intent that Access rely on it.

12. Access was unaware that the business description provided it by Syntrax was false or misleading prior to submitting an application for business insurance to Plaintiffs on Syntrax's behalf.

13. Access was entitled to rely on Syntrax's representations concerning the nature of its business because it was a specific representation concerning information specifically and particularly within the knowledge of Syntrax.

14. Although Access denies any and all liability resulting from this matter, pleading hypothetically, in the event that a judgment is ultimately entered against Access, Access is entitled to contribution from Syntrax for the reasons set forth below.

15. Syntrax, by and through its employee(s) and/or agent(s), had a duty to truthfully and fully represent to Access the nature of Syntrax's business, including, but not limited to the fact that it designed and/or manufactured weight-loss and body-building supplements.

16. Syntrax, by and through its employee(s) and/or agent(s), breached its duty and was careless and negligent in failing to disclose to Access the fact that it designed and/or manufactured weight-loss and body-building supplements.

17. As a direct and proximate result of the carelessness and negligence of Syntrax, Access was injured.

18. In the event a judgment is entered against Access, Access is entitled to contribution from Syntrax in an amount commensurate with the relative culpability or fault of Syntrax, as set forth above.

WHEREFORE, Access prays that the Court enter judgment in its favor and against Syntrax, awarding contribution for the share of damages that Syntrax caused or contributed to cause Plaintiffs and for such other and further relief as the Court deems just and proper.

### COUNT III – INDEMNITY

19. Access realleges and incorporates paragraphs 1-18 as if fully set forth herein.

20. At all relevant times, Access had an agreement with Syntrax, implied in law, that Syntrax would provide Access with a truthful and full disclosure of facts relevant to its business description and its application for business insurance.

21. Although Access denies any and all liability resulting from this matter, pleading hypothetically, in the event that a judgment is ultimately entered against Access, Access is entitled to indemnity from Syntrax for the reasons set forth below.

22. Syntrax, by and through its employee(s) and/or agent(s), had a duty to truthfully and fully represent to Access the nature of Syntrax's business, including, but not limited to the fact that it designed and/or manufactured weight-loss and body-building supplements.

23. Syntrax, by and through its employee(s) and/or agent(s), breached its duty and was careless and negligent in failing to disclose to Access the fact that it designed and/or manufactured weight-loss and body-building supplements.

24. As a direct and proximate result of the carelessness and negligence of Syntrax, Access was injured.

25. In the event a judgment is entered against Access, Access is entitled to contribution from Syntrax for all sums that it may be required to pay Plaintiffs.

WHEREFORE, Access prays that the Court enter judgment in its favor and against Syntrax, awarding indemnity for all sums that Access may be required to pay as a result of any judgment entered against it and for such other and further relief as the Court deems just and proper.

ARMSTRONG TEASDALE LLP

BY:  /s/ E. W. Gentry Sayad
William M. Corrigan, Jr.         #2879
E.W. Gentry Sayad                #42558
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (facsimile)

ATTORNEYS FOR DEFENDANT ACCESS COVERAGECORP, INC.

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via first class mail, postage prepaid, on this 1st day of March, 2004 to:

Kurtis B. Reeg
James G. Nowogrocki
Reeg, Nowogrocki & Yeckel, L.L.C.
120 S. Central Ave., Suite 750
St. Louis, MO 63105
Attorneys for Plaintiffs

Michael M. Marick
Don R. Sampen
Karen M. Dixon
Meckler, Bulger & Tilson
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606
Attorneys of counsel for Plaintiffs

C. Raymond Bell
Herzog, Crebs & McGhee
One City Centre, 24th Floor
St. Louis, MO 63101
Attorneys for Defendant Syntrax Innovations, Inc.

                /s/ E. W. Gentry Sayad