UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ASSURANCE COMPANY OF | ) |
| AMERICA and MARYLAND | ) |
| CASUALTY COMPANY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:03CV960HEA |
| | ) |
| SYNTRAX INNOVATIONS, INC., and | ) |
| ACCESS COVERAGECORP, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Entry of Determination Pursuant to Rule 54(b) and for Order Disposing of Mooted Claims, [#231]. Defendant Syntrax Innovations, Inc. has filed a written response to the motion. For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part.

**Facts and Background**

Plaintiffs, Assurance Company of America and Maryland Casualty Company (hereinafter "Plaintiffs") bring this action against Syntrax Inovations, Inc. ("Syntrax") and Access Coveragecorp, Inc. ("Access") based on insurance policies issued to Syntrax in 2001 and 2002 by way of Access, Syntrax's insurance broker, and the legal

1

defense and indemnification provided to Syntrax by Plaintiffs in various lawsuits.

Plaintiffs filed their First Amended Complaint against Syntrax claiming breach of condition and mistake, (Counts I, II, IV, and V), and in the alternative, for negligent misrepresentation, (Counts III and VI). Counts VII through XIII are in the alternative for declaratory judgment. Plaintiffs also bring action against Access for breach of producer agreement and negligent misrepresentation. Plaintiffs claim that in reliance on false and/or misleading information provided to them by Syntrax and Access, they issued several policies of liability insurance to Syntrax. Syntrax designs, manufactures and sells over-the-counter body-building and weight-loss dietary supplements. Plaintiffs allege that the true nature of Syntrax's business and its loss history, which includes several lawsuits filed against Syntrax, were not disclosed to Plaintiffs prior to issuance of the policies. The lawsuits filed against Syntrax allege serious injuries, including liver damage and deaths, have resulted from the use of Syntrax supplements. Plaintiffs claim they have made certain indemnity and other payments on behalf of Syntrax under a full reservation of rights. Plaintiffs seek declaratory and other relief, including a rescission of the policies and restitution against Syntrax. Syntrax filed a Counterclaim against Plaintiffs, seeking coverage for defense costs and indemnity, and the company filed a Crossclaim against Defendant Access for breach of contract and negligence in conveying accurate information regarding Synrax's loss history to

2

Plaintiffs. Access also filed a Crossclaim against Syntrax, alleging negligent misrepresentation and seeking indemnity.

On March 3, 2005, this Court granted Plaintiffs' Motion for Summary Judgment as to Counts I and IV of Plaintiffs' Amended Complaint, rescinding the 2001 and 2002 insurance policies and granting Plaintiffs restitution in the amount of $976,855.56. Satisfied with the relief granted to them, Plaintiffs filed a motion to dismiss Access from this cause of action with prejudice, which this Court granted on May 18, 2005. While Syntrax's counterclaims against Plaintiffs and several other pending motions have necessarily been mooted by virtue of this Court's March 3, 2005 Order granting summary judgment, the crossclaims between Defendants Syntrax and Access remain.

**Discussion**

Plaintiffs contend that they are entitled to an entry of final judgment against Syntrax pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, because the litigation has been resolved with respect to the Plaintiffs' claims against Defendants Syntrax and Access.

Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as

> to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

FED. R. CIV. P. 54(b).

Plaintiffs argue that the interests of the parties and the Court will be served by entry of final judgment, yet it appears such a determination would be a mere accommodation to Plaintiffs. The Eighth Circuit has cautioned that determination pursuant to Rule 54(b) should not be granted routinely or as an accommodation to counsel. *Bullock v. Baptist Memorial Hospital,* 817 F.2d 58, 59 n. 2 (8th Cir. 1987) (citing *Burlington Northern R. Co. v. Bair,* 754 F.2d 799, 800 (8th Cir. 1985) (per curiam)). There should be special circumstances to justify a Rule 54(b) determination. *Id.* In addition, "[c]ertification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Bair,* 754 F.2d at 800 (citing *Hayden v. McDonald,* 719 F.2d 266, 268 (8th Cir. 1983)). The policy of all courts is to avoid piecemeal and interlocutory appeals. *Id.*

Here, Plaintiffs do not mention any special circumstances that would justify a Rule 54(b) determination. They merely indicate their desire to pursue, without further delay, the recovery of the $975,855.56 in restitution they are entitled to pursuant to this Court's March 3, 2005 Order. With the trial set for July 18, 2005, Plaintiffs can hardly argue they will be prejudiced by substantial hardship or delay. Therefore, Plaintiffs'

4

motion as to a Rule 54(b) determination will be denied.

With respect to Plaintiffs' request for a determination as to mooted issues, this request will be granted. The Court's March 3, 2005 Order granting Summary Judgment as to Counts I and IV of Plaintiffs' Amended Complaint necessarily moots the issues raised in Syntrax's Amended Counterclaim against Plaintiffs, in addition to issues contained in several pending motions filed by the parties in this case. Therefore, Syntrax's Amended Counterclaim will be dismissed consistent with this Court's March 3, 2005 Order, and all pending motions rendered moot by the Order will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Determination Pursuant to Rule 54(b) and for Order Disposing of Mooted Claims, [#231], is granted in part and denied in part; the motion is granted with respect to Plaintiff's request that mooted claims be disposed of and denied in all other respects;

**IT IS FURTHER ORDERED** that Intervenor Daimon Shelton's Motion for Partial Summary Judgment, or in the Alternative for Summary Adjudication, as to Plaintiffs' Liability for Judgment Against Syntrax, [#147] is denied as moot;

**IT IS FURTHER ORDERED** that Plaintiffs' Rule 56(f) Motion for a Continuance of Shelton's "Motion for Partial Summary Judgment or, in the Alternative, Summary Adjudication Against Plaintiffs", [#181], is denied as moot;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Motions for Reconsideration, [#209], is denied as moot;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reconsideration of this Court's Order Granting Defendant Access Coveragecorp's Motion to Compel Directed to Plaintiffs and for a Protective Order, [#210], is denied as moot;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reconsideration of This Court's Order Granting Defendant Access Coveragecorp's "Motion to Compel Zurich Attendance of a Zurich Corporate Representative . . .", [#211] is denied as moot;

**IT IS FURTHER ORDERED** that Defendant Syntrax Innovations, Inc. Amended Counterclaim against Plaintiff is dismissed consistent with this Court's March 3, 2005 Order granting Plaintiff's Motion for Summary Judgment as to Counts I and IV of Plaintiffs' First Amended Complaint.

Dated this 27th day of June, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE