UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA and MARYLAND CASUALTY COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:03CV960HEA |
| SYNTRAX INNOVATIONS, INC., and ACCESS COVERAGECORP, INC., | ) ) ) ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Access Coveragecorp, Inc.'s Motion for Summary Judgment on its Crossclaim Against Syntrax and on Syntrax's Crossclaim Against Access Coveragecorp, [#239]. Defendant Syntrax Innovations, Inc. has filed a written response to the motion. For the reasons set forth below, Defendant Access' motion is granted in part and denied in part.

## **Background**

On March 3, 2005, this Court granted summary judgment as a matter of law in favor of Plaintiffs, Assurance Company of America and Maryland Casualty Company ("Plaintiffs"), and against Defendant Syntrax Innovations, Inc. ("Syntrax"). Plaintiffs'

1

motion was granted as to Counts I and IV of their Amended Complaint, rescinding the 2001 and 2002 insurance policies and granting Plaintiffs restitution in the amount of $976,855.56. Satisfied with the relief granted to them, Plaintiffs filed a motion to dismiss Defendant Access Coveragecorp, Inc. ("Access") from this cause of action with prejudice, which this Court granted on May 18, 2005. The counterclaims of Syntrax against Plaintiffs have been deemed moot by virtue of this Court's Order granting summary judgment, but the crossclaims between Defendants Syntrax and Access remain.

Defendant Access now moves for summary judgement on its crossclaim against Defendant Syntrax for indemnity and on Syntrax's crossclaims against Access for breach of contract and negligent breach of duty.

## **Standard of Review**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if the information before it shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden of proof is on the moving party to set forth the basis of its motion, *Mt. Pleasant v. Associated Elec. Co-op,. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988), and the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus.*

*Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Once the burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest upon his pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. *Celotex*, 477 U.S. at 324.

## Discussion

**Access' Crossclaim Against Syntrax**

Access first claims it is entitled to summary judgment as a matter of law as to its crossclaim against Syntrax for indemnity. Access contends that because this Court determined in its March 3, 2005 Order that Syntrax made material misrepresentations as to its loss claim history, Access is entitled to recover against Syntrax for damages it sustained as a result of Syntrax's conduct. Specifically, Access contends it has incurred costs in defending this cause of action, first against Plaintiffs before Plaintiffs dismissed Access, and then against Syntrax on Syntrax's crossclaim against Access.

In its Order dated July 19, 2005, this Court denied Syntrax's motion for summary judgment as to Access' first amended crossclaim against Syntrax. The Court found that since Access sought indemnity against Syntrax for the claims brought against it by

3

Plaintiffs, and Plaintiffs dismissed Access with prejudice, then Access' claims for indemnity were necessarily moot. To the extent that Access now moves for summary judgment on its crossclaim for indemnification of attorneys' fees, Access' motion will be denied.

Under the American Rule of attorneys' fees, the prevailing litigant is ordinarily not entitled to collect attorneys' fees from the loser where not provided for by contract or statute. *See generally, Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240 (1975). Access does not contend that indemnity for attorneys' fees was provided for in its contract with Syntrax, nor does it claim attorneys' fees are provided for by any statute. As such, Access' motion for summary judgment as to its claims against Syntrax seeking indemnity for attorneys fees will be denied. Access' claim for indemnity on such grounds will, therefore, be dismissed.

**Syntrax's Crossclaim Against Access**

Access next claims it is entitled to summary judgment on Syntrax's crossclaim against it for breach of contract and negligent breach of duty. Specifically, Access contends it had no reason to believe Syntrax's representations regarding its loss history were false, and as such, there is no genuine issue of material fact as to Syntrax's claims for breach of contract and negligent breach of duty.

The record reflects that Syntrax completed an application for insurance which

it forwarded to Access. Access then forwarded the information to Plaintiffs to procure insurance for Syntrax. Syntrax, in its application for insurance, represented that it had no prior claims against it, and Plaintiffs relied upon that representation, which was false. The Court determined in its March 3, 2005 Order, that the representations made in Syntrax's application for insurance coverage were false and material, because (1) the representation was warranted to be true, (2) the policy was conditioned upon its truth, (3) the policy provided that its falsity will avoid the policy, or (4) the application was incorporated into and attached to the policy. *Employers Fire Insurance Co. v. Power Model Supply Co.,* 279 F. Supp. 2d 1060, 1066 (E.D. Mo. 2003).

Syntrax persists in its argument that no material misrepresentation can be shown because none of the above-referenced four circumstances are present. As the Court has already clearly opined, this is simply not the case. The insurance policies at issue state that by accepting the policy, [Syntrax] agrees that "the statements in the Declarations are accurate and complete." The policies were conditioned upon the accuracy and completeness of Syntrax's representations, which with respect to their loss or claims history, were materially false. Each policy specifically states that they were issued to Syntrax "in reliance upon [its] representations." Syntrax has provided no evidence to the contrary, but instead argues that the policies were not conditioned upon the truth of the representations, since nowhere in the application do the words "truth" or

"truthful" appear. Such an argument is incredulous and absurd. As such, the Court will not address the innocuous subtleties between the words "truthful" and "accurate" in the context of material representations in an application for insurance coverage.

As this Court has stated, a misrepresentation of fact is deemed material if the fact, stated truthfully, might reasonably have influenced the insurance company to accept or reject the risk or to have charged a different premium. The standard is whether a reasonable person should have expected that the misrepresentation within the insurance application would influence the insurance company's decision to accept the risk and issue the policy– not whether the misrepresentation actually influenced the insurer. Insurance applications seek an abundance of information because the information is extremely important to the final decision regarding the issuance of coverage. An insured's loss or claims history is of critical importance in the assessment of risk and in underwriting decisions to issue policies. It is reasonable to assume that had Plaintiffs been made aware of Syntrax's claims history, such information would have significantly impacted the decision to provide Syntrax with insurance coverage, or at least subject Syntrax to a higher premium. Syntrax's misrepresentations were of such a nature that all minds would agree they were material, and Plaintiffs were entitled to rescission of the 2001 and 2002 policies.

Syntrax's claims that Access had some involvement in Syntrax's material

misrepresentations, or at least had some duty to cure them, is equally ridiculous. Syntrax, and Syntrax alone, completed its own application for insurance coverage and made the misrepresentation that it had no prior claims against it. Access had the right to rely on Syntrax's representations concerning the prior loss history and had no reason to believe the representations were untrue, or as Syntrax would have it, "inaccurate." There is no evidence that there was a breach of contract on the part of Access nor is there any evidence of a negligent breach of duty on the part of Access with respect to Syntrax's material misrepresentations in the application for insurance coverage. As such, Access is entitled to summary judgment as a matter of law as to Syntrax's crossclaim against it.

## **Conclusion**

Syntrax has failed to set forth evidence to indicate that any issues of material fact exist as to the crossclaims between Access and Syntrax. Consequently, this Court finds that no genuine issues of material fact exist, and Access is entitled to summary judgment as a matter of law as to Syntrax's Crossclaim against Access.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Access Coveragecorp, Inc.'s Motion for Summary Judgment on its Crossclaim Against Syntrax and on Syntrax's Crossclaim Against Access Coveragecorp, [#239], is granted in part and denied in part;

Access' motion on its crossclaim against Syntrax for indemnity is denied, and Access' motion on Syntrax's crossclaim against Access is granted;

**IT IS FURTHER ORDERED** that Access Coveragecorp, Inc.'s Crossclaim against Syntrax seeking indemnification is dismissed;

Dated this 7th day of October, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE